IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DANA KRAFT, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Case No. 4:14cv213 |
| § | |
| FLEX CAPITAL TRANSPORT, LLC, § | |
| ANDREW ADAMS AND MICAH TORRES, § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Now before the Court are Plaintiff Dana Kraft's Motion for Default Judgment Against Defendant Flex Capital Transport, LLC (Dkt. 23) and Plaintiff Dana Kraft's Motion for Award of Attorneys' Fees and Costs in Connection With Plaintiff's Motion for Default Judgment Against Defendant Flex Capital Transport, LLC (Dkt. 20). As set forth below, the Court finds that the motions should be GRANTED.

This action was filed by Plaintiff Dana Kraft against Flex Capital Transport, LLC ("Defendant" or "Flex Capital"),[1] seeking monetary relief to remedy Defendant's unlawful employment practices in violation of the FMLA, EPA, Title VII and 1981a. Plaintiff has asked that the Court enter default judgment against Defendant Flex Capital Transport, LLC. A Clerk's Entry of Default was entered as to Defendant Flex Capital Transport, LLC on September 16, 2014, after the Court found that service was property executed on Defendant through the Texas Secretary of

---

[1]Plaintiff also originally named Andrew Adams and Micah Torres as Defendants, but those claims have been voluntarily dismissed without prejudice. *See* Dkt. 27.

1

State and no answer or responsive pleading was filed. *See* Dkts. 12 & 14. Plaintiff then filed her motions for default judgment and attorney's fees. After those motions had been pending for four months without any responses in opposition, the Court set the matter for hearing.

At the June 18, 2015 hearing, Plaintiff appeared with counsel. The Court considered argument from Plaintiff's counsel, as well as the testimony of Plaintiff and her husband. Nobody appeared for Defendant Flex Capital Transport, LLC. A copy of the order setting the hearing was sent to Defendant Flex Capital Transport, LLC c/o Andrew Adams at its last known address, but it was returned unclaimed. *See* Dkts. 24 & 28.

Under Federal Rule of Civil Procedure 55, default is appropriate if a defendant has "failed to plead or otherwise defend" the suit. FED. R. CIV. P. 55(a). Having reviewed the record here, the Court finds that default is appropriate as Defendant has failed to defend the claims against it. Further, having reviewed the record before it regarding Plaintiff's allegations and damages, including the exhibits attached to the motions, the testimony presented at the hearing, and the provisions of the applicable statutes (*see, e.g.,* 29 U.S.C. § 206, 29 U.S.C. §215, 29 U.S.C. §216(b), 29 U.S.C. §2617, 42 U.S.C. § 2000e-5, and 42 U.S.C. § 1981a), the Court finds that damages should and interest thereon should be awarded to Plaintiff as follows:

| | |
|---|---|
| Lost Wages after Discharge: | $7,355.00 |
| Liquidated Damages on Lost Wages: | $7,355.00 |
| Lost Wages for Equal Pay Act Violation: | $32,500.00 |
| Liquidated Damages on Lost Wages for Equal Pay Act Violation: | $32,500.00 |
| Compensatory Damages including Emotional Distress: | $50,000.00 |

| | |
|---|---|
| Punitive Damages: | $50,000.00 |
| Pre-judgment interest on the Lost Wages After Discharge | $853.99 |

The Court further finds that, pursuant to the provisions of Rule 54 of the Federal Rules of Civil Procedure, Plaintiff is entitled to an award of reasonable attorney's fees and costs of court. Having heard the testimony of Plaintiff's counsel and considered the documents, the Court finds that the reasonable attorney's fees incurred by Plaintiff in this matter are $26,406.

The Court further finds that, pursuant to the provisions of 28 U.S.C. §2412(a)(2), Plaintiff is entitled to an award of $400.00, an amount equal to the filing fee in this Court.

Therefore, as set forth herein, Plaintiff Dana Kraft's Motion for Default Judgment Against Defendant Flex Capital Transport, LLC (Dkt. 23) and Plaintiff Dana Kraft's Motion for Award of Attorneys' Fees and Costs in Connection With Plaintiff's Motion for Default Judgment Against Defendant Flex Capital Transport, LLC (Dkt. 20) should be GRANTED and the attached final default judgment should be entered for Plaintiff.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with

notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

*The Clerk of Court is directed to send a copy of this report and recommendation to Defendant Flex Capital Transport, LLC c/o Andrew Adams at its last known address 558 S. Central Expressway, Richardson, Texas, 75080, via certified mail return receipt requested.*

**SIGNED this 16th day of July, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| DANA KRAFT, | § | |
| | § | |
|     **Plaintiff,** | § | |
| | § | |
| VS. | § | Case No. 4:14cv213 |
| | § | |
| FLEX CAPITAL TRANSPORT, LLC, | § | |
| ANDREW ADAMS AND MICAH TORRES, | § | |
| | § | |
|     **Defendants.** | § | |

## PROPOSED FINAL DEFAULT JUDGMENT

This action was filed by Dana Kraft ("Plaintiff") against Flex Capital Transport, LLC ("Defendant" or "Flex Capital"), seeking monetary relief to remedy Defendant's unlawful employment practices in violation of the FMLA, EPA, Title VII and 1981a. Pursuant to Federal Rule of Civil Procedure 55(b) and the Memorandum Adopting Report and Recommendation of United States Magistrate Judge filed in this matter, this Court enters default judgment against Flex Capital in the above stated action because it has failed to appear, plead or otherwise defend after being properly served with a summons and copy of the complaint.

Therefore, it is ORDERED, ADJUDGED, AND DECREED that:

1. Judgment is rendered for Plaintiff against Flex Capital, and Plaintiff shall recover from Flex Capital the sum of $207,369.99, to wit:

| | |
|---|---|
| Lost Wages after Discharge: | $7,355.00 |
| Liquidated Damages on Lost Wages: | $7,355.00 |
| Lost Wages for Equal Pay Act Violation: | $32,500.00 |

| | |
|---|---|
| Liquidated Damages on Lost Wages for Equal Pay Act Violation: | $32,500.00 |
| Compensatory Damages including Emotional Distress: | $50,000.00 |
| Punitive Damages: | $50,000.00 |
| Attorneys' Fees | $26,406.00 |
| Costs | $400.00 |
| Pre-judgment interest on the Lost Wages After Discharge | $853.99 |

2. All allowable and reasonable costs incurred hereafter are taxed against Flex Capital;

3. Post-judgment interest shall accrue on the total amount of the judgment of $207,369.99 at the applicable federal rate of 0.28% per annum, from the date of the entry of this judgment until it is paid in full;

4. Plaintiff is entitled to all writs and processes in order to collect this judgment; and

5. All relief not granted herein is denied. This is a final judgment, and the Clerk shall close this case.

**It is SO ORDERED.**