IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DANA KRAFT, §
 §
    Plaintiff, §
 §
VS. § Case No. 4:14cv213
 §
FLEX CAPITAL TRANSPORT, LLC, §
ANDREW ADAMS AND MICAH TORRES, §
 §
    Defendants. §

**MEMORANDUM OPINION, ORDER AND REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE REGARDING
MOTION FOR DEFAULT JUDGMENT**

Having considered the arguments and testimony presented at the August 26, 2015 hearing, the Court WITHDRAWS its July 16, 2015 Report and Recommendation, Docket Entry 29, and finds that Plaintiff Dana Kraft's Motion for Default Judgment Against Defendant Flex Capital Transport, LLC (Dkt. 23) and Plaintiff Dana Kraft's Motion for Award of Attorneys' Fees and Costs in Connection With Plaintiff's Motion for Default Judgment Against Defendant Flex Capital Transport, LLC (Dkt. 20) should be DENIED.

**PROCEDURAL BACKGROUND & EVIDENCE PRESENTED**

This action was filed by Plaintiff Dana Kraft against Flex Capital Transport, LLC ("Defendant" or "Flex Capital"),[1] seeking monetary relief to remedy Defendant's unlawful

---

[1] Plaintiff also originally named Andrew Adams and Micah Torres as Defendants, but those claims have been voluntarily dismissed without prejudice. *See* Dkt. 27.

employment practices in violation of the FMLA, EPA, Title VII and 1981a. Plaintiff has asked that the Court enter default judgment against Defendant Flex Capital Transport, LLC. A Clerk's Entry of Default was entered as to Defendant Flex Capital Transport, LLC on September 16, 2014, after the Court found that service was property executed on Defendant through the Texas Secretary of State and no answer or responsive pleading was filed. *See* Dkts. 12 & 14. Plaintiff then filed her motions for default judgment and attorney's fees. After those motions had been pending for four months without any responses in opposition, the Court set the matter for hearing.

At the June 18, 2015 hearing, Plaintiff appeared with counsel. *See* Dkt. 25. The Court considered argument from Plaintiff's counsel, as well as the testimony of Plaintiff and her husband. Nobody appeared for Defendant Flex Capital Transport, LLC. A copy of the order setting the hearing was sent to Defendant Flex Capital Transport, LLC c/o Andrew Adams at its last known address, but it was returned unclaimed. *See* Dkts. 24 & 28.

On July 16, 2015, the Court issued its recommendation that Plaintiff's motion for default judgment should be granted and that a default judgment should be entered in her favor. *See* Dkt. 29. The Court further found that Plaintiff was entitled to an award of reasonable attorney's fees and costs of court. *Id.* The Clerk of Court sent a copy of the Report and Recommendation, attaching the proposed default judgment awarding Plaintiff $207,369.99 in damages, $26,406.00 in attorney's fees, and $400.00 in costs, to Flex Capital Transport, LLC c/o Andrew Adams via First Class and Certified Mail. *See* 7/16/2015 Clerk's Office docket entry.

On July 28, 2015, counsel filed notice of appearance for Defendant. *See* Dkt. 30. And, on July 30, 2015, Defendant filed its Original Answer to Plaintiff's complaint and objections to the Court's report and recommendations. *See* Dkts. 32 & 33. Plaintiff responded to the objections, and Defendant replied. *See* Dkts. 39 & 40.

On August 26, 2015, the Court held an evidentiary hearing regarding Defendant's allegations in its objections to the report, noting that it would accept evidence and sworn testimony in support of the parties' respective positions as to the repeated efforts to serve Defendants with notice of this suit and other case materials, and directing Defendants' affiants Andrew Adams and Jennifer Adkins to appear. *See* Dkt. 38. At the hearing, all parties and counsel appeared.

At the hearing, Defendant offered the testimony of Andrew Adams, president and agent of Flex Capital Transport, LCC. Andrew Adams testified that he is also the president of FlexFrac Transport, LLC, which he claims was Plaintiff's actual employer. According to Adams, Flex Capital Transport, LLC is located on the fourth floor of a building located at 558 S. Central Expressway, Richardson, TX 75080. Adams conceded that Flex Capital's suite or floor number is not listed in the address registered with the Secretary of State and mail is often delivered to the first floor receptionist. Adams testified that he had no knowledge of the lawsuit until he received the undersigned's report and recommendation regarding default judgment via first class mail.

Defendant also offered the testimony of Jennifer Adkins who is employed by FlexFrac Transport, LLC. Adkins testified that, as part of her duties at FlexFrac, she receives mail and is responsible for distributing mail to Adams and others at Flex Capital and had no knowledge of the

3

attempts to serve Defendant via certified mail or otherwise.

Plaintiff offered the testimony of Darla Gray, the process server who attempted to serve Flex Capital Transport on at least four separate occasions. As set forth in Docket Entry 10-1, her "Affidavit for Substitute Service," Gray testified that a receptionist on the first floor of the building told her that notices were being left with Andrew Adams. Gray alleged that an employee in the building told her "good luck with that" when she stated she was attempting to serve Adams as Flex's registered agent.

The Court is now faced with determining whether default judgment is appropriate given the testimony presented, the record in this case, and the applicable authorities. If Plaintiff is to be believed, Adams knew about the suit and was actively evading service and thumbing his nose at the process; if Defendant is to be believed, no certified mail was ever delivered to Flex Capital's offices and it was only because of a first class mailing from this Court that Defendant learned of the suit. As set forth below, the Court finds that a recommendation of default judgment against Defendant is no longer appropriate.

## ANALYSIS

Under Federal Rule of Civil Procedure 55, default is appropriate if a defendant has "failed to plead or otherwise defend" the suit. FED. R. CIV. P. 55(a). Defendant has now appeared in this suit and has actively defended the claims against it. The Fifth Circuit Court of Appeals has explained the disfavor with which default judgments are treated:

> Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal. Furthermore, federal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement. Thus, where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.

*Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (internal citations and quotations omitted).

Noting that modern procedure favors a trial on the merits, the Fifth Circuit continues:

> To determine whether good cause to set aside a default exists - a decision necessarily informed by equitable principles - we have found it useful to consider three factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. Other factors may also be considered, including whether the defendant acted expeditiously to correct the default. A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding.

*Id.* (internal citations and quotations omitted).

While default has yet to be entered here – only recommended – the Court finds these principles instructive in resolving the matter at hand. A court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." FED. R. CIV. P. 55(c).

The Court finds good cause. As noted above, Defendant has now appeared through counsel and is defending the claims against it. If the Court recommended entry of default judgment, the Court finds that Defendant could offer sufficient evidence to support a finding of good cause to set aside the default, including Adams's alleged lack of awareness of Plaintiff's suit and the multiple attempts to serve him as Defendant's president and registered agent. *Matter of Dierschke*, 975 F.2d

181, 183 (5th Cir. 1992) ("noting that 'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely.").

Of particular importance to the Court is that there is nothing in the record to show Defendant was ever personally served through its registered agent and nothing conclusively establishes that Defendant had notice of the service through the Secretary of State. No certified mail receipt shows actual delivery. For this reason, the Court cannot find Defendant's default to be willful. The Court is mindful of the Texas authority regarding service on the Texas Secretary of State, as well as the Court's order finding Defendant's default under that authority. Dkt. 12.[2]

However, in the Fifth Circuit, default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989). In accord with that policy, "[a] party is not entitled to a default judgment as a matter of right, ***even where the defendant is technically in default***." *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir. 1996) (emphasis added). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d

---

[2]*See* TEX. BUS. ORG. CODE §§ 5.252(a), 5.253; *Campus Investments, Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (emphasis in original) (certificate that Secretary of State had received and forwarded a copy of the citation and Second Amended Original Petition to Campus by certified mail, which was returned marked "Attempted—Not Known" conclusively established that process had been served on corporation after unsuccessful attempts to serve corporation's registered agent, and thus default judgment could be granted); *Katin Corp. v. Loesch*, 2007 WL 2274835 (Tex. App. – Austin 2007, pet. denied) (affirming a grant of default judgment where service was made through the Secretary of State and process was returned to the Secretary of State "bearing the notation as refused").

343, 345 (5th Cir. 1977). Given Defendant's appearance, despite its technical default, the Court can no longer recommend entry of default judgment here.

While the Court cannot find with certainty that Adams's failure to accept service on behalf of Defendant was willful, the Court remains suspicious as to the manner in which Adams's businesses are set up and whether Plaintiff was caught in the ultimate – and intentional – corporate shell game in her efforts to serve Defendant. The Court believes such may be an ongoing practice by Defendant and other "Flex" entities. The Court finds that Defendant was less than candid in its representation to the Court that "[s]everal other businesses share" the building located at 558 S. Central Expressway and that it shares a "cooperative method" with its impliedly independent and separate "business neighbor" in the building. *See* Dkt. 33-2. According to the testimony presented, all businesses in the building are "Flex" entities owned and operated by the same or similar individuals. There is not the likelihood for confusion suggested by Defendant and service should be easily made by delivery to a receptionist on the first floor. Further, if no suite number is listed in the records of the Secretary of State, any confusion is the result of Defendant's careless business practices – not Plaintiff's lack of diligence.

In any event, despite the Court's suspicions and despite the very sloppy business practices of Defendant and Adams, there is now sufficient participation by Defendant such that the pending recommendation of default is no longer appropriate. The damages recommended by the Court are not damages for a sum certain, they include punitive damages, and they are subject to a factual and evidentiary attack. The Court further notes that Defendant has offered defenses to Plaintiff's claims,

including an argument that it – Flex Capital Transport, LLC– never employed Plaintiff but that she instead worked for FlexFrac Transport, LLC. Defendant also filed its answer and objections within weeks of when it claimed it learned of the suit. Based on the procedural posture of the case, the Court finds that any default judgment recommended would be subject to challenge on appeal or other post-judgment proceedings under Federal Rule of Civil Procedure 60.

While the Court finds that default is no longer an appropriate remedy, that is not to say that Plaintiff has not been forced to incur significant time and fees in compelling Defendant's appearance here. Indeed, significant Court time and resources – which are very limited given the Court's current docket – have been expended in addressing Plaintiff's allegations regarding her attempts to serve Defendant.

Had Defendant established procedures to ensure that its registered agent received all materials delivered to it by the Secretary of State, private process server, or otherwise, many attorney and Court hours would not have been expended in this case. Plaintiff simply should not be required to bear the costs of what at the very least is negligence by Defendant in establishing good business practices. To avoid the prejudice caused to Plaintiff as a result of Defendant's faulty business practices, the Court finds that a reasonable amount of attorney's fees should be awarded to Plaintiff for the time spent on the underlying default judgment proceedings.

Plaintiff has requested such a fee award in her Motion for Award of Attorneys' Fees and Costs in Connection with Plaintiff's Response in Opposition to Defendant's Response and Objections to Report and Recommendations of the United State Magistrate Judge, Plaintiff's

Request for Entry Default, Plaintiff's Motion for Default Judgment and Plaintiff's Appearance on Hearing on Motion for Default Judgment (*see* Dkt. 42), filed on August 21, 2015. Within 14 days of the date of this order, Plaintiff's counsel shall file a detailed affidavit in support of her motion setting forth the time and fees incurred in securing the entry of default, drafting the motion for default judgment, responding to Defendant's objections, and attending hearings regarding same. Within 14 days of receipt of that affidavit, Defendant may file any response setting forth why the amount requested is not reasonable. Plaintiff is cautioned that only a reasonable amount will be awarded, and no fees will be awarded for time spent on general pretrial matters, including attempts at service, etc. If the amount requested is excessive or not made in good faith, the Court may award Plaintiff only a nominal fee award. The parties are encouraged to confer about a reasonable amount of fees and reach agreement as to a reasonable amount to be awarded.

The case shall proceed while this recommendation is pending.

## RECOMMENDATION

The Court, having withdrawn its July 16, 2015 Report and Recommendation, recommends that Plaintiff Dana Kraft's Motion for Default Judgment Against Defendant Flex Capital Transport, LLC (Dkt. 23) and Plaintiff Dana Kraft's Motion for Award of Attorneys' Fees and Costs in Connection With Plaintiff's Motion for Default Judgment Against Defendant Flex Capital Transport, LLC (Dkt. 20) be DENIED. The Court will consider the amount of attorney's fees to be awarded to Plaintiff once the matter is fully briefed.

9

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 27th day of August, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE