# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DANA KRAFT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:14cv213 |
| | § | Judge Mazzant/Judge Bush |
| FLEX CAPITAL TRANSPORT, LLC, | § | |
| ANDREW ADAMS AND MICAH TORRES, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On August 27, 2015, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff Dana Kraft's Motion for Default Judgment Against Defendant Flex Capital Transport, LLC (Dkt. #23) and Plaintiff Dana Kraft's Motion for Award of Attorneys' Fees and Costs in Connection With Plaintiff's Motion for Default Judgment Against Defendant Flex Capital Transport, LLC (Dkt. #20) be DENIED. *See* Dkt. #46.

In his August 27, 2015 Memorandum Opinion, Order and Report and Recommendation regarding the motion for default judgment, the Magistrate Judge withdrew a prior recommendation that default judgment be granted in favor of Plaintiff. After conducting an evidentiary hearing on Defendant's objections to his prior recommendation, the Magistrate Judge found that default judgment would no longer be appropriate because Defendant had finally appeared in the suit and was

1

defending the claims against it. The Magistrate Judge also noted, however, negligent business practices of Defendant and less than candid testimony by Defendant's representative.

The Magistrate Judge applied the standards used in setting aside a default judgment to determine whether his recommendation of default should be withdrawn. Of particular concern to the Magistrate Judge was whether withdrawing his recommendation of default judgment would prejudice Plaintiff. The Magistrate Judge found that, as a result of Defendant's business practices and conduct, Plaintiff had been forced to incur significant time and fees in compelling Defendant's appearance in the suit. To avoid the prejudice caused to Plaintiff, the Magistrate Judge found that a reasonable amount of attorney's fees should be awarded to Plaintiff for the time spent on the underlying default judgment proceedings and directed the parties to submit additional briefing.

On September 10, 2015, Defendant filed objections to the Magistrate Judge's report (*see* Dkt. #55), and, on September 17, 2015, Plaintiff filed a response to those objections (*see* Dkt. #58).

In its objections, Defendant objects to the award of any attorney's fees to Plaintiff, arguing Defendant is not the proper party to be sued in this case because it never employed Plaintiff. Defendant also argues that no default judgment had been entered, making the award of fees inappropriate.

The Court has made a *de novo* review of the objections raised by Defendant and Plaintiff's response and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. Whether Defendant is the proper party named in a suit is not relevant to whether it should timely make an appearance after being served with process. And, although default judgment is no longer

appropriate, the Court agrees that an award of reasonable attorney's fees to Plaintiff will cure any prejudice to Plaintiff set forth in the Magistrate Judge's report and the record herein.

The Court notes that Plaintiff Dana Kraft's Motion for Award of Attorneys' Fees and Costs in connection with the default judgment proceedings (Dkt. 42) remains pending in this matter and that no attorney's fees have been awarded. Defendant is not precluded from objecting in accordance with Federal Rule of Civil Procedure 72 to any amounts awarded by the Magistrate Judge in the disposition of that motion.

The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

Therefore, Plaintiff Dana Kraft's Motion for Default Judgment Against Defendant Flex Capital Transport, LLC (Dkt. #23) and Plaintiff Dana Kraft's Motion for Award of Attorneys' Fees and Costs in Connection With Plaintiff's Motion for Default Judgment Against Defendant Flex Capital Transport, LLC (Dkt. #20) are DENIED.

**It is SO ORDERED.**
**SIGNED this 30th day of September, 2015.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE